UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KARLA CAMACHO-GODOY,<br><br>individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>RAGAN & RAGAN, P.C. and CROWN ASSET MANAGEMENT, LLC;<br><br>  Defendant(s). | CIVIL ACTION FILE NO.<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Karla Camacho-Godoy ("Plaintiff") by and through her attorneys, and for her Class Action Complaint against Defendant Ragan & Ragan, P.C. ("Ragan"), and Crown Asset Management ("Crown"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

1

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Georgia consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Georgia, County of Fulton.

8. Defendant Ragan is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

9. Ragan has an address at 3100 Breckinridge Blvd., Suite 722, Duluth, GA, 30096.

10. Upon information and belief, Ragan is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law to attempt to collect debts, and that it regularly collects debts alleged to be due another.

11. Defendant Crown is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. Crown has a service address at C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805.

13. Upon information and belief, Crown is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals with addresses in the State of Georgia;

    b. to whom Defendant Ragan sent an initial collection letter;

    c. on behalf of Defendant Crown;

    d. attempting to collect a consumer debt;

  e. in two sub-classes where the letter:

    i. does not specifically identify to whom the debt is currently owed; or

    ii. does not state that in order for a dispute of the debt to trigger Defendants' validation requirement, it must be in writing; and

  f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written

communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual

    class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violate 15 U.S.C. §§ 1692e, §1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated

7

persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above paragraphs as if set forth here.

24. Some time prior to July 20, 2021, Plaintiff allegedly incurred an obligation to non-party Comenity Bank.

25. The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically personal credit.

26. The alleged Comenity Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

27. Comenity Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

28. Upon information and belief, Comenity Bank transferred the debt to other parties.

29. Upon information and belief, the current creditor hired Crown to collect this debt.

30. Alternatively, although unclear from the letter, either Comenity Bank or another entity sold or assigned this debt to Crown.

31. Crown collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

32. According to the letter, Crown retained Ragan to collect the alleged debt.

33. Ragan collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

*Violation – July 20, 2021 Collection Letter*

34. On or about July 20, 2021, Defendant Ragan sent Plaintiff an initial collection letter, on behalf of Crown, regarding the alleged debt originally owed to Comenity bank. A copy of this letter is attached as Exhibit A.

35. This letter allegedly contains some of the required disclosures set forth in 15 U.S.C. § 1692g (a).

36. The letter states, "Re:    Original Creditor: Comenity Bank".

37. It then states, "Original Creditor Acct. No.: ************8032".

38. The body of the Letter then begins, "This is to advise you that we have been retained by Crown Asset Management, LLC for collection of this debt. Our client has purchased the debt which was previously owed to the original creditor set forth above".

39. However, no current creditor is specifically so identified.

40. It is not clear if Crown purchased the debt but then assigned some of the rights thereunder yet again to a different creditor while still retaining the right to collection.

41. The Letter appears to be intentionally vague on this point to make it appear that Crown owns the debt when in fact it does not.

42. Alternatively, the Letter appears to be intentionally vague on this point to make it appear that Crown does not own the debt, although in fact it does.

43. The letter states that Ragan has been retained by Crown but does not make it clear to the Plaintiff if this party is the current creditor, or what exactly their role is in the collections process.

44. The Letter is susceptible to more than one reasonable interpretation at least one of which is incorrect.

45. It is deceptive not to clearly state who the current creditor is in a collection letter sent to a consumer.

46. The FDCPA requires that a letter must specifically and clearly state who is the current creditor.

47. Defendant failed to provide Plaintiff with a proper initial communication letter by failing to clearly identify the current creditor of the debt.

48. Plaintiff relied on the statements in the Letter in that she was unable to discern the pedigree of this alleged debt.

49. Plaintiff was therefore unable to make payment on the debt.

50. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

51. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that she did indeed owe the debt, and to whom she owed it.

52. Defendants' conduct prevented Plaintiff from acting in the ways he would have otherwise acted had Defendants' letter not been improper.

53. The Letter also states:

> If you notify us within that thirty (30) day period that the debt or any portion thereof is disputed, verification of the debt or a copy of a judgment will be mailed to you.

54. 15 U.S.C. § 1692g (4) requires a debt collector, in its initial communication, to include:

> a statement that if the consumer notifies the debt collector <u>in writing</u> within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; …

(emphasis added).

55. Defendants' notice did not conform to Section 1692g.

56. First, the statute requires the consumer be informed that s/he must notify the collector "in writing" whereas Defendants' notice provides for verbal communication.

57. Upon information and belief, Defendants would not honor verbal disputes pursuant to Sections 1692g (a)4.

58. In addition, even if would honor such a dispute, Defendants would not cease collections as required when receiving a written dispute.

59. Moreover, even if Defendant would cease collections upon receiving a verbal dispute, it would not be handled in a similar timeframe as a written dispute.

60. In addition, written disputes are less subject to misinterpretation or disagreement about its content than a verbal communication.

61. By misstating Plaintiff's rights, Defendant encouraged Plaintiff to dispute it orally which would leave open the possibility for Defendant to argue that no actual dispute was made.

62. Due to Defendants' actions, Plaintiff thought verbal and written disputes would present equal rights when in fact they did not.

63. Plaintiff was misled as to her rights.

64. Defendants' actions were false, deceptive, and/or misleading.

65. Plaintiff was concerned and confused by the Letter.

66. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

67. Plaintiff did not know that she must dispute the debt in writing.

68. Plaintiff was left unaware of her rights and Defendants' obligations.

69. Defendants worded the letter to exclude the writing requirement so it could reap the benefit of Plaintiff calling in to dispute the debt, while denying Plaintiff the benefit of having debt collection efforts cease until Defendants provides validation of the debt.

70. This would allow Defendant to have its highly-trained professional debt collector agents verbally engage with Plaintiff to coerce payment.

71. Or even worse for Plaintiff, this would allow Defendant to have its highly-educated attorneys verbally engage with Plaintiff to coerce payment.

72. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

73. Plaintiff is entitled to receive proper notices as required by the FDCPA.

74. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

75. The FDCPA ensures that debtors will use accurate, non-misleading information in choosing how to respond to collection attempts and how to manage and repay their debts.

76. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

77. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

78. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

79. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

80. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

81. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

82. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA 15 U.S.C. §1692e *et seq.*)

83. Plaintiff repeats the allegations above as if set forth here.

84. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

85. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

86. Defendant violated §1692e by failing to properly identify the current creditor and by failing to provide proper required notices.

87. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

88. Plaintiff repeats the allegations above as if set forth here.

89. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

90. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

91. Defendant violated this section by failing to clearly identify the current creditor pursuant to § 1692g.

92. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq*

93. Plaintiff repeats the allegations above as if set forth here.

94. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

95. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. …
>
> 2. The name of the creditor to whom the debt is owed
>
> 3. ….
>
> 4. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; …

96. Defendant violated 15 U.S.C. § 1692g by failing to clearly state the name of the creditor to whom the debt is owed and by failing to provide the required notices.

97. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

98. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Karla Camacho-Godoy, individually and on behalf of all others similarly situated, demands judgment from Defendants Ragan and Crown as follows:

   i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Misty Oaks Paxton, Esq. as Class Counsel;

   ii. Awarding Plaintiff and the Class statutory damages;

   iii. Awarding Plaintiff and the Class actual damages;

   iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper

Dated: February 24, 2022            Respectfully Submitted,

/s/ Misty Oaks Paxton
By:  Misty Oaks Paxton, Esq.
3895 Brookgreen Point
Decatur, GA 30034
Phone: (405) 529-6257
Fax: (775) 320-3698
attyoaks@yahoo.com

*Attorney for Plaintiff*